UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-397-MRA-MAR Date: August 18, 2026

Title: *Sean Joseph Scanlan v. Marcus Pollard*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Valencia | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE RE: STATUS REPORT**

Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. ECF Docket No. ("Dkt.") 1. On April 21, 2021, this Court granted Petitioner's Motion to Stay this Action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) for Petitioner to exhaust his claims in state court. Dkt. 10. The Court also instructed Petitioner "to file quarterly status reports with this Court regarding the status of the state action every 90 days beginning on May 15, 2021." Id. The Court also warned Petitioner that "[f]ailure to file timely reports as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)." Id.

Petitioner then obtained counsel. Dkt. 25. On June 1, 2023, the Court granted counsel's request that the stay remain in effect while he continue to attempt to exhaust Petitioner's state court remedies. Dkt. 42. On December 5, 2023, the Court reiterated that Petitioner is required to file status reports every 90 days. Dkt. 45.

Petitioner proceeded to file regular status reports. Dkts. 47–51, 53–55. The last such report, however, was filed on December 3, 2025. In that status report, Petitioner's counsel represented that he expected Petitioner's petition for writ of habeas corpus to be filed in the California Supreme Court at some point prior to March, 2026. Dkt. 55 at 1. It appears, however, that counsel was suspended from the practice of law soon after, and remains ineligible to practice as of the date of this Order. See https://apps.calbar.ca.gov/attorney/Licensee/Detail/60414.

In light of Petitioner's failure to file the required status report for two consecutive 90-day periods, Petitioner is ordered to show cause within **thirty (30) days** of the date of this Order why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with Court Orders. See Fed. R. Civ. P. 41(b).

To avoid dismissal, Petitioner shall provide the Court with a status report regarding the status of the state action. Status reports should be filed every ninety (90) days even if the status of the proceedings has not changed since the previous report.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-397-MRA-MAR Date: August 18, 2026

Title: *Sean Joseph Scanlan v. Marcus Pollard*

The Court notes that, in light of the uncertainty regarding counsel's status, Petitioner may need to respond to this Order and to file subsequent status reports pro se. Indeed, unless Petitioner obtains new counsel, and unless such new counsel is able to respond to this Order within the time prescribed, Petitioner must timely file a response pro se to avoid dismissal of this action.

The Clerk is hereby ordered to mail a copy of this Order to Petitioner at the following address:

Sean Joseph Scanlan
BH9768
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

**Failure to file timely respond to this order may result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

:

**Initials of Preparer** ev